**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CENTER FOR AUTO SAFETY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 02-2255 (EGS/JMF) |
| | ) |
| **DEPARTMENT OF TRANSPORTATION**, and | ) |
| | ) |
| **NISSAN NORTH AMERICA, INC.** | ) |
| 18501 South Figueroa St. | ) |
| Gardena, California 90248, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**FIRST AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.      The National Highway Traffic Safety Administration ("NHTSA") is conducting

an investigation into injuries associated with air bags installed in the 1994 and early 1995 Nissan

Altima.  Nissan North America, Inc., is seeking to dissuade NHTSA from finding that the air

bags are defective.  In this action, plaintiff seeks disclosure under the Freedom of Information

Act ("FOIA"), 5 U.S.C. § 552, of materials relating to communications between NHTSA and

Nissan concerning this investigation.

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and  28 U.S.C. § 1331.

**Parties**

3.      Plaintiff Center for Auto Safety ("CAS") is a private nonprofit consumer

advocacy organization incorporated under the laws of the District of Columbia.  CAS works

toward improved safety, environmental responsibility, and fair dealing in the automotive industry

and the marketplace.  CAS is the requestor of the withheld records.

4.      Defendant Department of Transportation is an agency of the United States.

5.      NHTSA is a component of the Department of Transportation, and it has

possession of and control over the records that plaintiff seeks.

6.      Defendant Nissan North America, Inc., ("Nissan") submitted to NHTSA some of

the records that the Department has not disclosed under the FOIA.  Nissan has asserted an

interest in denying the public access to these records and it is joined in this action as a person that

claims an interest relating to the subject of the action.  Fed. R. Civ. P. 19(a)(2).

**Background**

7.      On March 5, 2001, the Center for Auto Safety and Public Citizen presented

evidence to NHTSA showing that passengers in 1994-95 Nissan Altimas have suffered an

inordinately high number of serious eye injuries, including blinding injuries, caused by

deployment of the air bag installed inside these vehicles.   On March 13, 2001, NHTSA opened a

defect investigation (PE01-008) into facial and eye injuries resulting from passenger air bags in

1994-95 Nissan Altimas.

8.      The  investigation was upgraded to an Engineering Analysis (EA01-015) on

August 9, 2001.  The investigation has identified, through crash reports and medical records, at

least 75 cases of facial and eye injuries from passenger air bags installed in 1994-95 Nissan

Altimas.

9.      NHTSA procedures provide that all communications between the agency and the

manufacturer with respect to an ongoing investigation are available for public inspection, with

the exception of material that is considered confidential but has not been determined to be necessary to the investigation.  49 C.F.R. § 554.9.

10.     NHTSA has not made communications with Nissan relating to EA01-0145 that are not entitled to confidential treatment under 49 C.F.R. § 512.5 available for public inspection on a prompt or regular basis.

11.     On June 28, 2002, NHTSA officials met privately with representatives of Nissan to discuss the agency's investigation.

12.     On July 11, 2002, NHTSA issued an "Information Request" to the agency formally requesting certain information from Nissan under 49 U.S.C. § 30166.  Among other materials, the Information Request requested complete documentation of the development and testing by or on behalf of Nissan on a proposed "service part" for the Nissan Altima models in question.

13.     NHTSA did not promptly place information relating to its meetings with Nissan and its Information Request in the public file concerning the EA01-015 investigation.

14.     Nissan has requested that NHTSA treat certain data and information submitted to the agency in connection with the Nissan Altima investigation as confidential business information and withhold this information from the public.  The data and information for which Nissan has requested such treatment include data and information that Nissan submitted to NHTSA at the June 28, 2002 meeting and in response to the July 11, 2002, Information Request.

**FOIA Requests**

15.     In an August 7, 2002 letter to the NHTSA FOIA Officer, plaintiff requested, pursuant to the FOIA, disclosure of correspondence, notes, calendars, and all other records relating to the June 28, 2002 meeting between NHTSA officials and representatives of Nissan.

16.     In a letter dated September 11, 2002, NHTSA acknowledged receipt of plaintiff's FOIA request.  The letter stated that the agency would take an extension of ten working days to respond to the request pursuant to 49 C.F.R. § 7.33, and that the agency "would therefore expect that an answer will be provided to you by September 20, 2002."

17.     Plaintiff subsequently contacted NHTSA at least four times to inquire about the status of the request; each time, plaintiff was told that the agency's response would be available by the end of the week, and no answer appeared.

18.     On November 15, 2002, the same day that this action was filed, NHTSA's counsel telephoned plaintiff and said that NHTSA would mail a response to plaintiff's FOIA request that day.

19.     On or about November 25, 2002, plaintiff received a letter from NHTSA dated November 14, 2002.  Enclosed with the letter were certain documents responsive to the August 7, 2002 FOIA request.   The letter also stated that portions of Nissan's submissions would be placed in the agency's public file on the investigation by no later than November 22, 2002.

20.     The NHTSA letter dated November 14, 2002, also announced that NHTSA has determined that photographs and some material submitted by Nissan are "entitled to confidential treatment" under FOIA Exemption 4, 5 U.S.C. § 552(b)(4).  The letter did not describe the volume of material that NHTSA had decided to withhold as "entitled to confidential treatment."

21.     In a December 23, 2002 letter to the NHTSA FOIA Officer, plaintiff requested, pursuant to the FOIA, disclosure of "[a]ll records, documents, and materials, including all records in electronic, video or CD-ROM format, that have not been placed in the public file maintained at Technical Information Services, relating to the Nissan Altima Air Bag Investigations PE01-008 and EA01-015."  The December 23, 2002, letter specifically identified

4

several records submitted by Nissan that NHTSA had not released in the public docket or under

FOIA, and had not been identified as exempt from disclosure under 5 U.S.C. § 552(b)(4).

     22.     On January 24, 2003, plaintiff received, by telecopier, a letter from NHTSA with

a response to plaintiff's December 23, 2002, FOIA request.  The letter disclosed that NHTSA

was releasing certain responsive materials as enclosures to the letter but stated that other

responsive materials were being withheld pursuant to exemptions in the FOIA, or would not be

made publicly available until February 28, 2003.  In particular, the letter stated that NHTSA is

withholding four attachments submitted by Nissan pursuant to Exemption 4 of the FOIA, 5

U.S.C. § 552(b)(4), and stated that additional materials pertaining to the investigation of the

Nissan Altima air bags "should be publicly available in the agency's Office of Technical

Information by February 28, 2003."

     23.     On January 28, 2003, NHTSA received an administrative appeal from plaintiff in

which plaintiff challenged NHTSA's January 24, 2003, letter responding to plaintiff's December

23, 2002, FOIA request.

     24.     On February 26, 2003, Plaintiff received a response, dated February 25, 2003, to

its administrative appeal.  The response included two CDs containing records responsive to

Plaintiff's FOIA requests and stated that the agency is withholding materials related to the

investigation under 5 U.S.C. § 552(b)(4), (5), (6), and (7)(A), and as personal notes.

     25.     The February 25, 2003, response did not correlate the exemptions upon which

NHTSA relies with specific materials being withheld, or disclose the volume of materials that the

agency is withholding under particular exemptions.  The response stated that NHTSA was

withholding 87 pages and two CD-ROMs submitted by Nissan on the basis that disclosure would

cause Nissan substantial competitive harm.

**Claims for Relief**

26.     Plaintiff has a statutory right to disclosure of records and redacted information
that NHTSA has withheld from records relating to the EA01-015 investigation, and NHTSA has
not demonstrated that the records that it is withholding, including all segregable portions of those
records, are exempt from disclosure under the FOIA.

27.     The records submitted by Nissan that NHTSA has withheld as confidential are
records that Nissan was required to submit because they were responsive to NHTSA's July 11,
2002, Information Request.

28.     The records that NHTSA has withheld as confidential include records that must be
disclosed, in whole or in part, because they are not entirely exempt from disclosure under 5
U.S.C. § 552(b)(4) or any other FOIA exemption.

29.     NHTSA has redacted information that identifies individuals from records
responsive to plaintiff's FOIA request without a legal basis for withholding this information and
has not demonstrated that this information is exempt from disclosure under the FOIA.

WHEREFORE, plaintiff prays that this Court:

(A)     Direct NHTSA to provide a detailed index that describes both the records that
defendant has determined to withhold and the information that it has redacted, and sets forth the
agency's basis for withholding these materials;

(B)     Declare that records and portions of records withheld by NHTSA are not exempt
from disclosure under the FOIA;

(C)     Order NHTSA to make all the requested records promptly available to plaintiff;

(D)     Award plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. §
552(a)(4)(e); and

(E)      Grant all other appropriate relief.

                         Respectfully submitted,


                         _____
                         Michael E. Tankersley
                         D.C. Bar No. 411978
                         Michele Host
                         Member of the NY Bar (D.C. Admission Pending)
                         PUBLIC CITIZEN LITIGATION GROUP
                         1600 20th Street, N.W.
                         Washington, D.C.  20009
                         (202) 588-1000


February 26, 2003